UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

| | |
|---|---|
| TRADESCAPE ONLINE, L.L.C., ) | CASE NO. 00-01369-CIV-GOLD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID  L.  PRINCE,  DANIEL  A. ) | |
| SHERWOOD and TRADESCAPE MIAMI, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

## DAVID L. PRINCE, DANIEL A SHERWOOD AND TRADESCAPE MIAMI, L.L.C.'S MOTION TO DISMISS TRADESCAPE ONLINE L.L.C.'S COMPLAINT

Pursuant to Rule 12, Fed.R.Civ.P., and Local Rule 7.1.A., defendant defendants, David L.

Prince ("Mr. Prince"), Daniel A. Sherwood ("Mr. Sherwood") and Tradescape Miami, L.L.C.

("Tradescape Miami")(collectively "Defendants") move to dismiss Tradescape Online, L.L.C.'s

("Tradescape Online") Complaint.  Defendants state the following in support of this motion:

## I.    BACKGROUND

Tradescape Online filed its Complaint in this action on April 18, 2000, against Mr. Prince,

Mr. Sherwood and Tradescape Miami.  A copy of the Complaint is attached hereto as Exhibit "A".

Plaintiff alleges that it is a New York limited liability company.  Complaint at ¶ 1.  Tradescape

Online also alleges that it is a member of Tradescape Miami (Complaint at ¶¶ 2 and 3) and is the

owner of 50 shares in Tradescape Miami.  Tradescape Online further alleges that this Court has



subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this "is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." Complaint at ¶ 9.

In the Complaint Tradescape Online asserts claims against Defendants for: 1) dissolution pursuant to Florida Statutes § 608.441(3); 2) alleged breach of duties of loyalty and due care; and 3) an accounting pursuant to Florida Statutes § 608.4101.

In support of claim for dissolution, Tradescape Online alleges that it is not practicable to carry on the business of Tradescape Miami in accordance with the articles of organization and lists vague and generalized allegations as to why it claims it is impractical to continue Tradescape Miami. See Complaint at ¶ 12 A - 12 I. Tradescape Online also alleges a variety of general assertions of misconduct against Defendants without any specificity. See Complaint at ¶ 12(J). For example, Tradescape Online alleges misconduct with regard to limited liability company assets, but does not identify any details as to the alleged misconduct, nor does it describe the assets allegedly involved. Tradescape Online further asserts a claim for alleged breaches of duties of loyalty and care based on the vague allegations of misconduct. See Complaint at ¶ 14.

Finally, Tradescape Online contends it is entitled to an "accounting" under Fla.Stat. § 608.4101.[1] Plaintiff alleges that Defendants Messrs. Prince and Sherwood have had sole access and

---

[1] Fla.Stat. § 608.4101 provides, in pertinent part, as follows:

(2) A limited liability company shall provide members and their agents and attorneys access to its records at the company's principal office or other reasonable locations specified in the operating agreement. The company shall provide former members and their agents and attorneys access for proper purposes to records pertaining to the period during which they were members. The right of access provides the opportunity to inspect and copy records during ordinary business hours. The company may impose a reasonable charge, limited to the costs of labor and material, for copies of records furnished.

2

control over the financial affairs and records of Tradescape Miami.  Complaint ¶ 16.  Plaintiff further alleges that despite "demands by Plaintiff Tradescape [Online] for access to records of the financial affairs of Tradescape Miami LLC, Defendants Prince and Sherwood have refused to provide Tradescape [Online] with information concerning Tradescape Miami, LLC's business or affairs".  Complaint at ¶ 17.

## II.    ARGUMENT

A.    This Court Lacks Subject Matter Jurisdiction Over This Action

### 1.    Complete Diversity of Citizenship is Required for Subject Matter Jurisdiction under 28 U.S.C. § 1332

Tradescape Online has not, and cannot, allege facts establishing diversity jurisdiction.  The United States Federal Courts "exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.

---

(3) A limited liability company shall furnish to a member, and to the legal representative of a deceased member or member under legal disability:

(a) Without demand, information concerning the company's business or affairs reasonably required for the proper exercise of the member's rights and performance of the member's duties under the operating agreement or this chapter; and

(b) On demand, other information concerning the company's business or affairs, except to the extent the demand or the information demanded is unreasonable or otherwise improper under the circumstances.

(4) Each manager shall have the right to examine all of the information described in subsection (1) for a purpose reasonably related to his or her position as a manager.  The manager of a limited liability company shall have the right to keep confidential from the members, for such period of time as the manager deems reasonable, any information which the manager reasonably believes to be in the nature of trade secrets or other information the disclosure of which the manager in good faith believes is not in the best interest of the limited liability company or could damage the limited liability company or its business or which the limited liability company is required by law or by agreement with a third party to keep confidential.

3

CASE NO. 00-01369

1994)(quoting Wright, Miller & Cooper, 13 Federal Practice and Procedure, § 3522 (1984)) . Under 28 U.S.C. § 1332, Congress granted the district courts original jurisdiction in civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between "citizens of different states."

The burden of establishing complete diversity is on the party seeking to invoke the court's jurisdiction. Maria Del Bianci v. Wright, 44 F.Supp.2d 1272, 1274 (S.D.Fla. 1999); see also Baydar v. Renaissance Cruises, Inc., 35 F.Supp.2d 916, 917 (S.D.Fla. 1999). To establish federal jurisdiction based on diversity of citizenship, all plaintiffs must be of different citizenship then all defendants. See Cabalceta v. Standard Fruit Company, 883 F.2d 1553, 1557 (11th Cir. 1989)(28 U.S.C. 1332 requires that all plaintiffs and all defendants be of different citizenship); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant). Further, diversity of citizenship must be distinctly and positively averred in the complaint. Maria Del Bianci v. Wright, 44 F.Supp.2d at 1274. Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

**2.       Standards Applicable to Motion to Dismiss Under Rule 12(b)(1)**

Attacks on a court's subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual". Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms; "facial attacks" and "factual attacks"); Baydar

4

v. Renaissance Cruises, Inc., 35 F.Supp.2d at 917 ("Attacks on subject jurisdiction are either "facial"

or "factual" attacks"). In a facial attack, the allegations of the complaint are taken as true for

purposes of the complaint. Lawrence v. Dunbar, 919 F.2d at 1529; see also Baydar v. Renaissance

Cruises, Inc., 35 F.Supp.2d at 917 (facial attacks focus on whether the complaint itself states a

sufficient allegation of subject matter jurisdiction). Factual attacks challenge the existence of subject

matter jurisdiction, regardless of the allegations of the complaint, and the court is not restricted to

the face of the complaint to resolve such issue and may consider evidence outside the pleadings such

as affidavits to resolve the issue. See Baydar v. Renaissance Cruises, Inc., 35 F.Supp.2d at 917 (on

motion to dismiss for lack of subject matter jurisdiction, the court may consider matters outside the

pleadings, including, testimony and affidavits); Milleville v. U.S., 751 F.Supp. 976, 977 (M.D.Fla.

1990)(when considering motion to dismiss under Rule 12(b)(1), court is not restricted to face of

pleadings and may review any evidence, including affidavits and testimony to resolve factual

disputes concerning existence of jurisdiction).

    **3.**    **Tradescape Online's Complaint Facially Fails to
Establish Subject Matter Jurisdiction**

In the instant action, Tradescape Online has failed to facially establish complete diversity and

indeed based on the allegations, the diversity necessary for subject matter jurisdiction does not exist.

Tradescape Online relies, in part, on its allegations that Tradescape Online is a New York limited

5

liability company and Tradescape Miami is a Florida limited liability company, in its attempt to establish complete diversity.[2]

### A.   Citizenship of A Limited Liability Company is Based On the Citizenship of its Members

As the federal courts have uniformly held, the citizenship of a limited liability company for purposes of establishing diversity is not the State in which it was organized or maintains its principal place of business, but rather is based on the citizenship of each of its members. See Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)("we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members); Handelsman v. Bedford Village Assoc Ltd. Partnership,, 2000 WL 633392, at * 2 (2d Cir. May 17, 2000)(holding that for diversity purposes, limited liability companies had the citizenship of their members); Keith v. Black Diamond Advisors, Inc., 48 F.Supp.2d 326, 330 (S.D.N.Y. 1999)(limited liability company is not treated as corporation for purposes of diversity, but diversity is determined based on the citizenship of each of the limited liability company's individual members); International Flavors and Textures, LLC v. Gardner, 966 F.Supp. 552, 554-55 (W.D. Mich. 1997)(citizenship of Michigan LLC for diversity purposes is the citizenship of each of its members); Hale v. Mastersoft International Pty Ltd., 2000 WL 432645, at *2 (D. Col. Apr. 10, 2000)(limited liability company is citizen of the states of which its members are citizens); see also C.T. Carden v. Arkoma Assoc., 494 U.S. 185, 110

---

[2] Messrs. Prince and Sherwood are Florida residents.

6

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA & TAGUE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

S.Ct. 1015, 1021 (1990)(except for corporation, citizenship of artificial entities for diversity purposes is based upon the citizenship of all members).

Tradescape Online does not allege any facts concerning the citizenship of its members, but instead merely alleges that it is a New York limited liability company with its principal place of business in New York. Facially, the Complaint defeats subject matter jurisdiction because Tradescape Online alleges it is a member of Tradescape Miami and, therefore, Tradescape Online's citizenship, as alleged, must be considered in determining Tradescape Miami's citizenship for diversity purposes. Because Tradescape Online alleges that it is a New York citizen, then Tradescape Miami, of which it is a member must also be considered a citizen of New York for diversity purposes. Thus, complete diversity is lacking.

In the alternative, as the party attempting to assert federal jurisdiction, Tradescape Online is required to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d at 1367. Because Tradescape Online has failed to allege facts concerning the citizenship of its members, the Complaint must be dismissed for failing to properly allege the existence of subject matter jurisdiction. Id. (failure to allege citizenship of natural defendants or facts indicating citizenship of corporation for diversity purposes warranted district court conclusion that federal court did not have subject matter jurisdiction on diversity grounds).

### 4. Diversity of Citizenship for Purposes of Subject Matter Jurisdiction Does not Exist As A Matter of Fact

As set forth above, the citizenship of a limited liability company for purposes of establishing diversity is based on the citizenship of each of its members. Tradescape Online alleges it is the

7

successor in interest to C.S. Block Trading L.L.C. ("CS Block").  Complaint at ¶ 2.  Omar Amanat, who lives in New York City, is the owner of C.S. Block Trading L.L.C.  See June 1, 2000 Affidavit of David Prince, attached hereto as Exhibit "B", at ¶ ¶ 2-4.  Because Mr. Amanat is a member of Tradescape Online and a member of Tradescape Miami, complete diversity is lacking for purposes of subject matter jurisdiction.

B.      Plaintiff's Complaint Fails to State a Cause of Action

    1.      **Standards Applicable to Motion to Dismiss Under Rule 12(b)(6)**

       It is well-settled that in considering a motion to dismiss, this Court must accept all the allegations in the complaint as true.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).  Further, the complaint must be viewed in the light most favorable to plaintiff. Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996); Sonnenreich v. Philip Morris, Inc., 929 F.Supp. 416, 417-18 (S.D. Fla. 1996).  However, "such deference to the statements of the complaint must not extend to completely conclusory statements which fail to give adequate notice to the opposing party or the court."  City of Gainesville v. Florida Power & Light Co., 488 F.Supp. 1258, 1264 (S.D.Fla. 1980).  As the former Fifth Circuit has held, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true."  Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974); see generally 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, §1357.  Where Tradescape Online's Complaint contains legal conclusions that are not supported by properly pleaded facts, this Court should not hesitate to reject such allegations.

8

**2.     Plaintiff's Conclusory Allegations Fail Even Under Rule 8, Fed.R.Civ.P.**

Tradescape Online's claims should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., because they fail to state a cause of action.  Rule 8, Fed.R.Civ.P., requires that a complaint contain a short and plain statement of the claim for relief.  The complaint must at least give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  <u>See</u>  <u>Conley v. Gibson</u>, 355 U.S. at 47 (the Federal Rules require "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it is based"); <u>City of Gainesville v. Florida Power & Light Co.</u>, 488 F.Supp. at 1262 (dismissing counterclaim for failure to satisfy requirements of Rule 8, Fed.R.Civ.P.).  Further, the complaint must affirmative show the entitlement to relief and "[i]t is not enough to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." <u>Fullman v. Graddick</u>, 739 F.2d 553, 556 (11th Cir. 1984)(quoting 2A J. Moore & J. Lucas, <u>Moore's Federal Practice</u> p 8.13 at 8-118 (2d ed. 1984)).

Plaintiff's complaint is deficient in that it utterly fails to inform Defendants of any details concerning the alleged misconduct upon which Plaintiff's claims for dissolution and breach of duties of loyalty and care are based.  Such conclusory allegations of misconduct should be held insufficient by this Court and warrant dismissal.

In addition, Plaintiffs claim for accounting should also be dismissed.  Plaintiff's naked assertion that "[d]espite demands by Plaintiff Tradescape for access to records of the financial affairs

CASE NO. 00-01369

of Tradescape Miami, LLC, Defendants Prince and Sherwood have refused to provide Tradescape

with information" (Complaint at ¶ 17) should be rejected.  Plaintiff does not detail any failure on the

part of Tradescape Miami to provide information concerning the company's business affairs to

Plaintiff or efforts made to review Tradescape Miami's records, any specific records it requested,

who requested such records or any specific instance in which access was denied.[3]

---

[3] Defendants also respectfully submit that Count III of the Complaint, the statutory access and inspection claim that Plaintiff refers to as "Accounting Pursuant to Florida Statutes § 608.4101, should have been brought in the Miami-Dade County Circuit Court. Florida Statute § 608.4101(6) specifically provides that "[a]ny action to enforce any right arising under this section shall be brought in the appropriate circuit court."

Tew Cardenas Rebak Kellogg Lehman DeMaria & Tague, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

CASE NO. 00-01369

## III.   CONCLUSION

Based on the foregoing, Defendants, respectfully request that this Court enter an Order dismissing Plaintiff's Complaint in its entirety.

Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA & TAGUE, L.L.P.**
Attorneys for Defendants
Suite 2600, Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4336
Telephone: 305-536-1112
Facsimile: 305-536-1116
E-Mail: mfr@tewlaw.com / dsn@tewlaw.com

BY: _____
    THOMAS TEW, ESQ.
    Fla. Bar No. 098160
    MARK F. RAYMOND, ESQ.
    Florida Bar No. 373397
    DANIEL S. NEWMAN, ESQ.
    Florida Bar No. 962767

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly furnished by mail to **Jay S. Blumenkopf, Esq.**, Proskauer Rose, L.L.P., Attorneys for Plaintiff, 2255 Glades Road, Suite 340 West, Boca Raton, Florida 33431-7360, on this ___ day of June, 2000.

_____
    DANIEL S. NEWMAN, ESQ.

MHODMA.Miami;239419;1 - 30644.002

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 00 - 01369

### CIV - SEITZ

TRADESCAPE ONLINE, L.L.C.,

Case No.

Plaintiff,

MAGISTRATE JUDGE
GARBER

v.

DAVID L. PRINCE, DANIEL A.
SHERWOOD and TRADESCAPE
MIAMI LLC,

Defendants.

_____/

## COMPLAINT FOR DISSOLUTION, DAMAGES AND ACCOUNTING

Plaintiff, TRADESCAPE ONLINE, L.L.C. ("Tradescape"), for its complaint against

Defendants, states:

### PARTIES

1.      Plaintiff Tradescape is a New York Limited Liability Company with its

principal place of business in New York, New York, and as such is a citizen of the state of

New York.

2.      Tradescape is the successor in interest of C.S. Block Trading L.L.C.

("CSBT"), a member in a limited liability company named Grove Financial Group of

Coconut Grove, LLC.

3.      Tradescape Miami LLC is the successor in interest to Grove Financial Group

of Coconut Grove, LLC.



EXHIBIT

A

4.      Pursuant to Articles of Amendment to the Articles of Organization of Grove

Financial Group of Coconut Grove, LLC, filed with the Florida Division of Corporations on

December 15, 1998, Plaintiff Tradescape, as succesor in interest to CSBT, is a

member/manager of Tradescape Miami LLC. **Exhibit A.**

5.      Tradescape is the owner of 50 shares in Tradescape Miami LLC, which is a

Florida limited liability company.

6      Defendant David L. Prince is a citizen and resident of Florida, the owner of

25 shares in and a member of Tradescape Miami LLC. .

7      Defendant Daniel A. Sherwood is a citizen and resident of Florida, the owner

of 25 shares in and a member of Tradescape Miami LLC.

8.      Tradescape and Defendants are citizens of different states, New York and

Florida, respectively.

## JURISDICTION AND VENUE

9.      The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332

in that it is a civil action between citizens of different states and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.

10      Venue is proper pursuant to 28 U.S.C. § 1391, because, inter alia, Defendants

reside in this District.

## COUNT I

### Dissolution Pursuant to Florida Statutes § 608.441(3)

Plaintiff incorporates in Count I by reference the allegations in paragraphs 1 through 10.

11.     It is not reasonably practicable to carry on the business of Tradescape Miami LLC in conformity with the articles of organization.

12.     Dissolution of Defendant Tradescape Miami LLC pursuant to Florida Statutes §608.441 is appropriate and required by, inter alia, the following circumstances:

    A.    General discord and animosity among its members;

    B.    Its business is not and can not be profitable and continued operations will result in greater financial loss;

    C.    Disagreement among its members over the scope of its activities and business, which can not be resolved;

    D.    Disagreement among its members rendering necessary unanimous approval of its activities impossible;

    E.    Inability to reconcile its financial affairs, agreements and transactions;

    F.    Current regulatory environment in the industry adversely affecting its ability to continue operations;

    G.    Change in circumstances not contemplated at the time of its organization adversely affecting its ability to continue operations;

    H.    Inability to obtain necessary licenses and permits adversely effecting its ability to continue operations;

    I.    Termination of the agreement between it and its broker/dealer;

J.  Wrongful activities by Defendant members Prince and Sherwood in breach of their duties of loyalty and due care including, inter alia:

1) Self-dealing;
2) Conversion of assets;
3) Improper distribution of revenues;
4) Transfers of assets to family members;
5) Use of assets to do business with a competing entity;
6) Making unauthorized filings and/or contacts with the Florida Division of Banking and Finance;
7) Scheduling and/or conducting member meetings without notice to or the presence of Tradescape;
8) Attempting to transfer and/or transferring a portion of the membership interest of Tradescape Miami LLC to Boris Glasser without the knowledge or consent of Tradescape;
9) Failure to obtain necessary licenses and/or regulatory approval for their activities;
10) Failure to pay their required share of overhead and initial expenses;
11) Failure to conduct sufficient volume of business and/or generate sufficient revenue.

## COUNT II

**Breach of Duties of Loyalty and Due Care By Prince and Sherwood**

Plaintiff incorporates in Count II by reference the allegations in paragraphs 1 through 12.

13  Defendants Prince and Sherwood owe a duty of loyalty and a duty of due care to Tradescape.

14  Defendants Prince and Sherwood have each breached their duty of loyalty and duty of due care to Tradescape by, inter alia, the conduct set forth in paragraphs 12(J)(1)-(11).

15.  As a proximate result of the breaches by Prince and Sherwood of their duties

of loyalty and due care, Plaintiff Tradescape has sustained damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

### COUNT III

**Accounting Pursuant to Florida Statutes § 608.4101**

Plaintiff incorporates in Count III by reference the allegations in paragraphs 1 through 12.

16.     Defendants Prince and Sherwood have had sole access to and control of the financial affairs and records of Tradescape Miami LLC..

17.     Despite demands by Plaintiff Tradescape for access to records of the financial affairs of Tradescape Miami LLC, Defendants Prince and Sherwood have refused to provide Tradescape with information concerning Tradescape Miami, LLC's business or affairs required for Tradescape's proper exercise of its rights and performance of its duties as a member/manager.

## RELIEF REQUESTED

Tradescape asks: (i) on the first count, that it have judgment entered in its favor and this Court Order the dissolution of Tradescape Miami, LLC, pursuant to Florida Statutes § 608.441 (3); (ii) on the second count, that it have judgment entered in its favor and against Defendants Prince and Sherwood and that damages in the appropriate amount be awarded; (iii) on the third count, that it have judgment entered in its favor and that Defendants Prince and Sherwood be Ordered to provide all information and access to records required by Florida Statutes § 608.4101(2), (3) and (4) to Tradescape.; (iv) that Tradescape recover from Defendants Prince and Sherwood its costs of suit and attorney's fees pursuant to, inter alia, Florida Statutes § 57.105; and (v) for such other relief as this Court deems appropriate under the facts and circumstances of this case.

Dated: April 18, 2000

PROSKAUER ROSE LLP
Attorneys for Tradescape Online, L.L.C.
2255 Glades Road, Suite 340 West
Boca Raton, Florida 33431
(561) 241-7400
(561) 241-7145 (facsimile)

By: _____
JAY S. BLUMENKOPF
Fla. Bar No. 0835870
JONATHAN M. FORDIN
Fla. Bar No. 0371637

ARTICLES OF AMENDMENT TO THE
ARTICLES OF ORGANIZATION OF
GROVE FINANCIAL GROUP OF COCONUT GROVE, L.L.C.

Pursuant to the provisions of §608.411 of the Florida Business Corporation Act (the "Act"), Grove Financial Group of Coconut Grove, L.L.C. (the "LLC"), a limited liability company, adopts this Amendment to the Articles of Organization set forth below:

1. The name of the LLC is Grove Financial Group of Coconut Grove, L.L.C.

2. Articles of Organization of LLC were filed with the Florida Secretary of State on July 21, 1998.

3. The principal address of the LLC is:

    c/o Feinsod & Associates, P.A.
    One West Flamingo Drive, Suite 304
    Pembroke Pines, FL  33027

4. The following amendments to the LLC's Articles of Organization was adopted by the unanimous consent of the managers of the LLC on the ____ day of October, 1998 in accordance with and in a manner prescribed by the Act.

Article I is hereby amended in its entirety to read:

    The name of the Limited Liability Company is Tradescape Miami LLC.

1

Article IV is hereby amended in its entirety to read:

The LLC is to be managed by managers and the names and addresses of such managers who are to serve as managers until the first annual meeting of members or until their successors are elected and qualified as provided for in the LLC's Regulations are:

Daniel A. Sherwood
One West Flamingo Drive, Suite 304
Pembroke Pines, FL 33027

David L. Prince
2582 Jardin Manor
Weston, FL 33327

C.S. Block Trading LLC
One West Flamingo Drive, Suite 304
Pembroke Pines, FL 33027

IN WITNESS WHEREOF, the undersigned managers of this LLC have executed the foregoing Amendment to the LLC's Articles of Organization this ___ day of October, 1998.

Daniel A. Sherwood

David L. Prince

C.S. BLOCK TRADING LLC

By:

F:\DATA\WPDOC\MAIN\TRADESCA\LLC-ART.AM3

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

| | | |
|---|---|---|
| TRADESCAPE ONLINE, L.L.C., | ) | CASE NO. 00-01369-CIV-GOLD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID L. PRINCE, DANIEL A. | ) | |
| SHERWOOD and TRADESCAPE MIAMI, | ) | |
| L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AFFIDAVIT OF DAVID L. PRINCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

STATE OF FLORIDA        )
                                        ) ss
COUNTY OF MIAMI-DADE   )

David L. Prince, being duly sworn, deposes and says:

1.        I am a member of Tradescape Miami L.L.C.  C.S. Block Trading, L.L.C. is also a

member of Tradescape Miami L.L.C.

2.        On several occasions, Omar Amanat has represented to me that he is the "majority

shareholder" and "owner" of C.S. Block Trading L.L.C.

3.        On July 3, 1998, Omar Amanat executed an agreement between myself, Daniel A.

Sherwood and C.S. Block Trading, L.L.C. on behalf of C.S. Block Trading, L.L.C. in his stated

capacity as "majority shareholder" and "owner" of C.S. Block Trading, L.L.C.



EXHIBIT
" B "

CASE NO. 00-01369-CIV-GOLD

4.      Omar Amanat has told me that he lives in New York, New York, with his family.

On several occasions, I have called Omar Amanat at his home in New York City.

FURTHER AFFIANT SAYETH NOT.

David L. Prince

**SWORN AND SUBSCRIBED** before me this ____ 1st ____ day of ____ June ____, 2000, in the state and county first above-written by David L. Prince, who is ☐ personally known or who ☒ produced 427-134-54-6-NY State License as identification.

Notary Public, State of Florida at Large

Nancy Perez

Printed/Typed name of Notary

My Commission Expires:  [SEAL]

NANCY PEREZ
MY COMMISSION # CC 912207
EXPIRES: Mar 18, 2004
1-800-3-NOTARY   Fla Notary Service & Bonding Co.

MHODMA.Miami;239453;1 - 30644.002